IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Jettie Songo, | : | |
| Plaintiff | : | Civil Action 2:11-cv-510 |
| v. | : | Judge Economus |
| The Ohio State University, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

Plaintiff filed this action on June 10, 2011.  (Doc. 1.)  On June 24, 2011, the Magistrate Judge issued a Report and Recommendation granting Plaintiff's motion to proceed without prepayment of fees, but recommending that Plaintiff's complaint be dismissed for failure to state a claim.  Plaintiff subsequently filed five additional documents which further described her allegations.  The Court will take these as objections to the Report and Recommendation, which it will now review *de novo* pursuant to 28 U.S.C. §636(b)(1).

Plaintiff's complaint, as the Magistrate Judge noted, states:

I was harassed at work and school because of my color.  I was called names such as I look like a whore, I smell, and I am a whore.  During my employment with Ohio State, I was subjected to a hostile working environment.  I complained to my managers about my co-workers comment concerning my dress, accent, color, and smell, but nothing was done.  The authorities I complained to defended their employees that they did not do anything; instead I am the one they fired from the employment on June 12, 2010.  After employment with Ohio State, I found out that the

1

> co-worker who were taking the same classes with me spread the above
> name calling to other students that do not know me at school.  So the
> name calling spread from work to classes I was taking such as biology,
> chemistry, ecology, and physics to name a few.  The name calling spread
> from school to outside school such as grocery stores, on the street, and
> other employments I had at Kroger and Giant Eagle.  Apart from the
> above issues, I cannot have employment at other locations because of the
> above harassment that have spread.  I cannot go place with out other
> people harassing me as if they know me.

(Doc. 1-2 at 3.)  The Magistrate Judge, citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007), concluded that Plaintiff's complaint failed to give The Ohio State University, the only named defendant, sufficient notice of what claim is being made against it.  He found:

> The complaint does not allege that Defendant caused, incited, or
> encouraged "name calling" by Plaintiff's classmates, or by persons outside
> the university.  She also does not allege that Defendant caused
> "harassment" to "spread".  Plaintiff does allege that a former coworker
> was at least partly responsible for spreading name calling outside school
> and to prospective employers, but she has not named this former
> coworker as a defendant.

(Doc. 5 at 3.)

In the first of her subsequently-filed documents, Plaintiff stated that she "did not complete my complaint since I was looking for an Attorney to represent me."  (Doc. 7 at 2.)  She added a considerable volume of factual allegations, such as that employees and customers at a nearby Kroger store had made comments about her appearance, smell, and laundry, and had told her that "people are cooperating with them to see that I do not have a job and their plan is working" (Doc. 7 at 2), that several lecturers at Columbus State Community College had advised their students that "I look like a

2

whore, smell like a whore, and do not have a job" (*id*. at 4; Doc. 9 at 1), that employees and police officers at the Karl Road branch of the Columbus Metropolitan Library were similarly advising library patrons (Doc. 8 at 1), and that a police helicopter had been pursuing her and hovering over her house (Doc. 10 at 1).

Plaintiff's subsequently-filed documents contained some additional allegations concerning Defendant The Ohio State University, such as that supervisors and coworkers at two different student intern positions had harassed her, given her less desirable work, and called her names.  *See* Doc. 11 at 1-5.  Nevertheless, her complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" against Defendant The Ohio State University.  *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  Furthermore, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible". *Denton v. Hernandez*, 504 U.S. 52, 32-33 (1992); *Lawler v. Marshall*, 898 F.3d 1196, 1199 (6th Cir. 1990).  Much of the material alleged in Plaintiff's supplemental filings is so wholly incredible that it is legally frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989).

Accordingly, the Court **ADOPTS** the initial screening Report and Recommendation of the Magistrate Judge (Doc. 5).  Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted.  The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

                                    s/Peter C. Economus - July 15, 2011
                                    United States District Judge

3